# Williamanna H. D. Grubb's Estate. W. Wilson Grubb's Appeal.

*Will—Married women—Witnesses—Constitutional law—Act of June 3, 1887—Probate.*

The act of June 3, 1887, P. L. 332, giving to a married woman the power to dispose of her property by will " in writing signed by her or manifested by her mark or cross made by her at the end thereof in the same manner as if she were unmarried," is not defective in title and is constitutional.

Where a will is written in three chapters or sections on three different pieces of paper, each being signed by the testator, and all the sections being necessary to a complete testamentary disposition of the property, the three papers taken together constitute the will.

Argued Feb. 12, 1896. Appeal, No. 193, Jan. T., 1896, by W. Wilson Grubb, from decree of O. C. Chester Co., admitting will to probate. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Petition by Chauncey Darlington for letters testamentary.
The papers offered for probate were as follows:

"WEST CHESTER, June 7th, 1892.
"I, Williamanna H. D. Grubb of the Borough of West Chester, County of Chester, and State of Pennsylvania, do make this my will, being of sound mind and body, influenced by no one,
"To Laura D. Owen, I leave the house No. 600 South High St. to be clear of all debt and all the contents belonging to me, just as it stands, also to her the sum of $10,000, in her own name, to be kept in her own name. She can use it to the best of her advantage.        Signed
"WILLIAMANNA H. D. GRUBB."

"WEST CHESTER, June 7th, 1892.
"To Carrie D. Speakman, Chauncey Darlington, Harry L. Owen, I divide the remainder of my estate equally among them.
"As long as any one of my family are living they are to see to the good condition of the graves and lot at Birmingham Cemetery. Impossible to attend to it themselves, employ some one that will. Never see it neglected. Each one to help pay for it.

" I appoint my brother Chauncey Darlington my sole executor.  All debts and funeral expenses to be paid promptly, peaceably, without trouble or delay soon after my death, honestly and right.

" Chauncey to receive no pay for settling up my estate.   This is written in my own hand writing, of sound mind and body, influenced by no one.

" Witness my hand and seal this 7th day of June, A. D., 1892.
Signed

" WILLIAMANNA H. D. GRUBB.   (SEAL.) "


" WEST CHESTER, Pa., June 7th, 1892.
" To MR. WILSON GRUBB.

" I Williamanna H. D. Grubb do make this my last will and wishes to be strictly carried out regardless of law or man.   Wilson Grubb I cut short of everything belonging to me, personal or real for their falsehoods, abuse and disrespect generally to me. He never kept me in anything, I was no expense to him in any way.   If there was any keeping done I kept him and his son Frank a good home and no expense to them and in many other things.   I wish this strictly carried out to the very letter.

" Wilson Grubb always considered he had married in such a low family and low woman and very often told me so, also my sister Carrie.   The family being so low and the money coming from the family to me is also contaminated with the familys impurities.   I do not wish to injure his excellence or contaminate his pure, refined, noble, truthful character by receiving anything so impure as the low Darlington money.

" If the law should go contrary to my *will* and *wishes*, may it do them no good as they have no right to it under the circumstances.   Wilson Grubb and son Frank were so abusive and disrespectful to me I was compelled to leave my own home No. 220 West Chestnut St. and them April 6th, 1892.   All other wills or testimony of any description found or brought forth by any one are null and void and positively false.   This is my own hand writing in *my sober, cool senses, healthy body* and *mind, advised* and *influenced* by no one, *only* their abusive actions to me.   Signed by myself in my right mind and senses this day June 7, 1892.

" WILLIAMANNA H. D. GRUBB. (SEAL.) "

The court admitted the writings to probate.

*Error assigned* was decree admitting writings to probate as a will.

*Charles H. Pennypacker, Alfred P. Reid* with him, for appellant.—The act of June 3, 1887, P. L. 158 is unconstitutional: Camp v. Stark, 81* Pa. 235; Quinn's Est., 144 Pa. 444; Dorsey's App., 72 Pa. 192; Road in Phœnixville Borough, 109 Pa. 44; Hatfield v. Com., 120 Pa. 395; Payne v. School District, 168 Pa. 386; Knox's Est., 131 Pa. 220; Walter v. Jones, 148 Pa. 589; Real Est. Co. v. Roop, 132 Pa. 496; Nuding & Schlouch v. Urich, 169 Pa. 289; Penna. R. R. v. Riblet, 66 Pa. 164.

Letters are not regarded as testamentary papers unless some property is disposed of: Magoohan's App., 117 Pa. 238; Wikoff's App., 15 Pa. 281; Ginder v. Farnum, 10 Pa. 98.

*A. M. Holding,* for appellees.—The will was executed on June 7, 1892, after the passage of the act of June 3, 1887, P. L. 158. It was not therefore necessary that it should have been executed in the presence of witnesses: Knox's Est., 131 Pa. 220; Teacle's Est., 132 Pa. 533; Com. v. Green, 58 Pa. 226; Yeager v. Weaver, 64 Pa. 428; Allegheny County Home's App., 77 Pa. 77; Washington Boro. v. McGeorge, 146 Pa. 248; Com. v. Sellers, 130 Pa. 32; Com. v. Depuy, 148 Pa. 201; Mauch Chunk v. McGee, 81 Pa. 433; Donley v. Pittsburg, 147 Pa. 348; Bradley v. Pittsburg, 130 Pa. 478; Speer v. School Directors, 50 Pa. 150; Hibbish v. Catherman, 64 Pa. 154; Penna. R. R. v. Riblet, 66 Pa. 164; Smith v. Baker, 3 Dist. Rep. 626; Penna. R. R. v. Mont. Co. R. R. 3 Dist., Rep. 58; Com. v. Frutchy, 1 Dist. Rep. 153; Rapalje & Lawrence's Law Dict., 254; Webster's Dict., title "Conveyance;" Preston's Shep. Touchstone, 1, 2; 2 Blacks. Com. 378; 4 Am. & Eng. Ency. of Law, 133; Baker v. Clark, 7 V. C. Q. B. 44; Combs v. Jordan, 22 Am. Decisions, 238; Dorsey's App., 72 Pa. 192; Pittsburg v. Kalchthaler, 114 Pa. 547; Blood v. Mercelliott, 53 Pa. 391.

A paper is not deprived of its testamentary character from the fact that the testator makes no disposition of his real or

personal estate therein: Jones' Est., 2 Chester Co. 41; Barber v. Barber, 17 Hun, N. Y. 72.

It is not at all essential to the validity of a will that the different parts of it be physically connected: Wikoff's App., 15 Pa. 281; Baker's App., 107 Pa. 381; Fosselman v. Elder, 98 Pa. 159; Pepper's Est., 148 Pa. 5; Tozer v. Jackson, 164 Pa. 373.

PER CURIAM, March 2, 1896:

It is too late to question the constitutionality of the act of June 3, 1887. Its validity has been recognized in several cases. It gave to a married woman the power to dispose of her property by will " in writing signed by her or manifested by her mark or cross made by her at the end thereof in the same manner as if she were unmarried." Mrs. Grubb, the late wife of the appellant, made her will and signed it at the end thereof. Her signature has been duly proved, and the will admitted to probate. This was authorized by the act of 1887 and the act is both constitutional and wise. The will was written in three chapters or sections on three different pieces of paper, each of which was signed by the testator. All of the sections are necessary to a complete testamentary disposition of her property and taken together they constitute her will. While the statements or some of them found in the third section of the will do not show the highest development of wifely affection, they cannot be set aside for that reason.

The judgment is affirmed.